FILED
CLERK, U.S. DISTRICT COURT
AUG - 6 2024
CENTRAL DISTRICT OF CALIFORNIA
BY: _____rsm_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>NICOLAS DES BARRES,<br>  aka "Nick Des Barres,"<br>  aka "Mishiranu Dareka,"<br><br>          Defendant. | CR No. **2:24-CR-00477-TJH**<br><br>I N D I C T M E N T<br><br>[18 U.S.C. §§ 2251(a), (e): Production of Child Pornography; 18 U.S.C. § 2422(b): Enticement of a Minor to Engage in Criminal Sexual Activity; 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1): Receipt of Child Pornography; 18 U.S.C. § 48(a)(3): Distribution of Animal Crushing Videos; 18 U.S.C. §§ 2253, 2428, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

     The Grand Jury charges:

                    INTRODUCTORY ALLEGATIONS

     1.   Defendant NICOLAS DES BARRES, also known as ("aka") "Nick Des Barres," aka "Mishiranu Dareka," was born in September 1978.

     2.   Minor Victim 1 was born in September 2009.

     3.   At times relevant to this Indictment:

          a.   Telegram was an online social media and messaging service, operating in interstate and foreign commerce.  Telegram was headquartered in the British Virgin Islands.  Telegram provided

messaging application capabilities, which allowed users to send messages and exchange photographs, videos, and other files.  Telegram requires the internet to operate.

        b.  Defendant DES BARRES resided in Reseda, California, located within the Central District of California.

        c.  Minor Victim 1 resided in North Carolina.

4.  These Introductory Allegations are incorporated into each count of this Indictment.

COUNT ONE

[18 U.S.C. § 2422(b)]

Beginning on or about April 19, 2023, and continuing to at least on or about June 27, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendant NICOLAS DES BARRES, also known as ("aka") "Nick Des Barres," aka "Mishiranu Dareka," used a facility and means of interstate and foreign commerce, namely, the Internet and Telegram, to knowingly persuade, induce, and entice an individual who had not attained the age of 18 years, namely, Minor Victim 1, whom defendant DES BARRES knew to be under 18 years old, to engage in sexual activity for which a person can be charged with criminal offenses, namely, Production of Child Pornography, in violation of Title 18, United States Code, Sections 2251(a), (e), Oral Copulation of a Minor – Minor Under the Age of 14 and More Than Ten Years Younger Than Perpetrator, in violation of California Penal Code Sections 287(a), (c)(1), and Sodomy with a Minor – Minor Under the Age of 14 and More Than Ten Years Younger Than Perpetrator, in violation of California Penal Code Sections 286(a), (c)(1).

COUNT TWO

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about May 21, 2023, in Los Angeles County, within the Central District of California, defendant NICOLAS DES BARRES, also known as ("aka") "Nick Des Barres," aka "Mishiranu Dareka," knowingly received child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using any means and facility of interstate and foreign commerce, and which had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

The child pornography that defendant DES BARRES received consisted of files titled "photo_2@21-05-2023_15-01-44.jpg" and "video_1@21-05-2023_21-05-29.mp4."

COUNT THREE

[18 U.S.C. § 48(a)(3)]

On or about May 21, 2023, in Los Angeles County, and elsewhere, within the Central District of California, defendant NICOLAS DES BARRES, also known as ("aka") "Nick Des Barres," aka "Mishiranu Dareka," knowingly and intentionally distributed animal crushing videos, as defined in Title 18, United States Code, Section 48(f), to Minor Victim 1, in, and using a means and facility of, interstate and foreign commerce, including files titled "IMG_4033.MP4" and "WMW-Forever.mp4."

These videos depicted a human engaged in animal crushing conduct towards a non-human mammal, namely, conduct that if committed against a person and in the special maritime and territorial jurisdiction of the United States, would violate Title 18, United States Code, Sections 2241 and 2242. These videos do not fall within any exception listed in Title 18, United States Code, Section 48(d).

|     |     |
| --- | --- |
| 1 | COUNT FOUR |
| 2 | [18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)] |

1
2
3  On or about May 22, 2023, in Los Angeles County, within the
4  Central District of California, defendant NICOLAS DES BARRES, also
5  known as ("aka") "Nick Des Barres," aka "Mishiranu Dareka," knowingly
6  received child pornography, as defined in Title 18, United States
7  Code, Section 2256(8)(A), using any means and facility of interstate
8  and foreign commerce, and which had been shipped and transported in
9  and affecting interstate and foreign commerce by any means, including
10 by computer, knowing that the image was child pornography.
11 The child pornography that defendant DES BARRES received consisted of
12 the file titled "photo_27@22-05-2023_14-12-41.jpg."

```
1                           COUNT FOUR
2                 [18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]
3       On or about May 22, 2023, in Los Angeles County, within the
4  Central District of California, defendant NICOLAS DES BARRES, also
5  known as ("aka") "Nick Des Barres," aka "Mishiranu Dareka," knowingly
6  received child pornography, as defined in Title 18, United States
7  Code, Section 2256(8)(A), using any means and facility of interstate
8  and foreign commerce, and which had been shipped and transported in
9  and affecting interstate and foreign commerce by any means, including
10 by computer, knowing that the image was child pornography.
11 The child pornography that defendant DES BARRES received consisted of
12 the file titled "photo_27@22-05-2023_14-12-41.jpg."
```

COUNT FIVE

[18 U.S.C. §§ 2251(a), (e)]

On or about May 22, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendant NICOLAS DES BARRES, also known as ("aka") "Nick Des Barres," aka "Mishiranu Dareka," knowingly employed, used, persuaded, induced, and enticed Minor Victim 1, who had not attained 18 years of age, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing visual depictions of such conduct, namely, files titled "video_11@22-05-2023_15-43-41.mp4," and "video_12@22-05-2023_16-02-43.mp4," knowing and having reason to know that such visual depictions would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone, and which visual depictions were actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, including by use of the Internet and Telegram.

COUNT SIX

[18 U.S.C. § 48(a)(3)]

On or about May 22, 2023, in Los Angeles County, and elsewhere, within the Central District of California, defendant NICOLAS DES BARRES, also known as ("aka") "Nick Des Barres," aka "Mishiranu Dareka," knowingly and intentionally distributed animal crushing videos, as defined in Title 18, United States Code, Section 48(f), to Minor Victim 1, in, and using a means and facility of, interstate and foreign commerce, including the file titled "Restroom Romp.mp4."

This video depicted a human engaged in animal crushing conduct towards a non-human mammal, namely, conduct that if committed against a person and in the special maritime and territorial jurisdiction of the United States, would violate Title 18, United States Code, Sections 2241 and 2242. This video does not fall within any exception listed in Title 18, United States Code, Section 48(d).

## COUNT SEVEN

[18 U.S.C. §§ 2251(a), (e)]

On or about May 23, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendant NICOLAS DES BARRES, also known as ("aka") "Nick Des Barres," aka "Mishiranu Dareka," knowingly employed, used, persuaded, induced, and enticed Minor Victim 1, who had not attained 18 years of age, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing a visual depiction of such conduct, namely, files titled "video_14@23-05-2023_18-42-32.mp4," knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone, and which visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, including by use of the Internet and Telegram.

COUNT EIGHT

[18 U.S.C. §§ 2251(a), (e)]

On or about May 24, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendant NICOLAS DES BARRES, also known as ("aka") "Nick Des Barres," aka "Mishiranu Dareka," knowingly employed, used, persuaded, induced, and enticed Minor Victim 1, who had not attained 18 years of age, to engage in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2)(A), for the purpose of producing visual depictions of such conduct, namely, files titled "video_27@24-05-2023_18-26-17.mp4," "video_28@24-05-2023_18-26-17.mp4," and "video_29@24-05-2023_18-26-17.mp4," knowing and having reason to know that such visual depictions would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone, and which visual depictions were actually transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, including by use of the Internet and Telegram.

COUNT NINE

[18 U.S.C. § 48(a)(3)]

On or about May 24, 2023, in Los Angeles County, and elsewhere, within the Central District of California, defendant NICOLAS DES BARRES, also known as ("aka") "Nick Des Barres," aka "Mishiranu Dareka," knowingly and intentionally distributed animal crushing videos, as defined in Title 18, United States Code, Section 48(f), to Minor Victim 1, in, and using a means and facility of, interstate and foreign commerce, including the files titled "2023-04-21 00.12.10.mp4" and "2023-04-21 00.12.12.mp4."

These videos depicted a human engaged in animal crushing conduct towards a non-human mammal, namely, conduct that if committed against a person and in the special maritime and territorial jurisdiction of the United States, would violate Title 18, United States Code, Sections 2241 and 2242.  These videos do not fall within any exception listed in Title 18, United States Code, Section 48(d).

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 2428]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2428, in the event of the defendant's conviction of the offense set forth in Count One of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following property:

    (a)   All right, title, and interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offense;

    (b)   All right, title, and interest in any property, real or personal, constituting or derived from any proceeds obtained directly or indirectly from such offense; and

    (c)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

|   |   |
|---|---|
| 1 | FORFEITURE ALLEGATION TWO |
| 2 | [18 U.S.C. § 2253] |

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of the defendant's conviction of the offenses set forth in any of Counts Two, Four, Five, Seven, or Eight of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a)   All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

(b)   All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

(c)   All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

(d)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), the defendant, if so convicted, shall forfeit substitute property, up to

the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                                A TRUE BILL

                                                /s/
                                                Foreperson

E. MARTIN ESTRADA  
United States Attorney

[signature]

MACK E. JENKINS  
Assistant United States Attorney  
Chief, Criminal Division

JOSHUA O. MAUSNER  
Assistant United States Attorney  
Chief, Violent and Organized  
Crime Section

SCOTT M. LARA  
Assistant United States Attorney  
Violent and Organized Crime  
Section